UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAINT JERMAINE ENDELEY,

                     Plaintiff,

             -against-

NEW YORK UNIVERSITY,

                     Defendant.

25-CV-4889 (LTS)

ORDER OF DISMISSAL AND TO SHOW
CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Richmond County, New York, filed this *pro se* action invoking the Court's diversity of citizenship jurisdiction, asserting a breach of contract claim against New York University ("NYU"). By order dated June 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1988)). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] In 2010, Plaintiff enrolled at NYU as a matriculated student, and he signed a contract with the university. (ECF 1 at 2.) Plaintiff claims that, although he "performed all conditions, covenants, and promises . . . in accordance with the terms and conditions of the Contract," NYU "materially breached" it by removing him from classes and canceling his "matriculation status." (*Id.*) Attached to the complaint are statements showing that Plaintiff maintains an account balance for his attendance at NYU between 2010 and 2014. (*Id.* at 4-23.) Plaintiff seeks money damages in excess of $75,000. (*Id.* at 3.) Plaintiff acknowledges that both he and NYU are citizens of New York State. (*Id.* at 1.)

After Plaintiff filed this complaint, he filed a motions for a "remote civil trial," to "expedite proceedings," and for *pro bono* counsel. (ECF 6-8.)

## DISCUSSION

### A.    Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Diversity of citizenship jurisdiction

Plaintiff invokes the Court's diversity of citizenship jurisdiction but the complaint does not allege facts demonstrating that the Court has such jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege facts demonstrating that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff alleges that both he and Defendant reside in New York State, precluding complete diversity of citizenship.

### 2.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not

3

invoke the Court's federal question jurisdiction, and even were the Court to construe the complaint as asserting such a claim, he provides no facts suggesting a claim arising under federal law.

## B.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## C.    Litigation history and order to show cause

Plaintiff has filed numerous complaints that were dismissed on the merits; two of those cases, also against NYU, were dismissed as frivolous. *See Endeley v. NYU*, No. 17-CV-5796 (CM) (S.D.N.Y. Aug. 21, 2017) (dismissing complaint on *res judicata* grounds and as frivolous); *Endeley v. NYU*, No. 16-CV-4667 (CM) (S.D.N.Y. Oct. 12, 2016) (dismissing complaint as frivolous), *appeal dismissed*, No. 17-329 (2d Cir. May 24, 2017) (dismissing appeal for lack of jurisdiction); *see also Endeley v. New York City*, No. 23-CV-7050 (LTS) (S.D.N.Y. Dec. 11, 2023) (dismissing action because Plaintiff failed to comply with order directing him to amend his complaint); *Endeley v. Ripe Network Coordination Ctr.*, No. 18-CV-388 (E.D.N.Y. Mar. 1, 2018) (dismissing complaint for failure to state a claim); *Endeley v. Cox Commc'n*, No. 17-CV-3906 (N.D. Ga. Sept. 14, 2018) (dismissing action because Plaintiff failed to comply with court order). Plaintiff has previously been warned that if he persisted in engaging in meritless litigation he could be barred, under 28 U.S.C. § 1651, from filing new civil actions IFP without prior permission. *See Endeley v. NYU*, No. 17-CV-5796, ECF 4 (listing cases and issuing warning).

In light of this litigation history, this Court finds that Plaintiff was or should have been aware that the Court lacked subject matter jurisdiction of this complaint when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions against NYU in this court IFP without first obtaining permission from this court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court within 30 days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed upon him by this Court. Should Plaintiff fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions IFP against NYU in this court without first obtaining permission from this court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court denies all outstanding motions as moot, and the Clerk of Court is directed to terminate them. (ECF 6-8.)

Plaintiff shall submit to this Court within 30 days of the date of this order, a written declaration setting forth good cause why a filing injunction against NYU should not be imposed upon him by this Court. Should Plaintiff fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause why this injunction should not be

entered, he shall be barred from filing any further actions IFP in this court without first obtaining permission from this court to do so. A declaration form is attached.

The motion for a civil trial is denied as moot, and the Clerk of Court is directed to terminate it. (ECF 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    August 26, 2025
          New York, New York

                              /s/ Laura Taylor Swain
                         _____
                              LAURA TAYLOR SWAIN
                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____
Executed on (date)                         Signature

_____          _____
Name                                       Prison Identification # (if incarcerated)

_____          _____|_____|_____
Address                                    City            State    Zip Code

_____          _____
Telephone Number (if available)            E-mail Address (if available)