UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAINT JERMAINE ENDELEY,

                Plaintiff,

-against-

NEW YORK UNIVERSITY,

                Defendant.

25-CV-4889 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated August 26, 2025, the Court dismissed the action for lack of subject matter jurisdiction, and noted that Plaintiff had previously filed six civil actions and appeals that were dismissed as frivolous or for lack of subject matter jurisdiction, and that New York University ("NYU") was the named Defendant in four of those matters. (ECF 9 at 4.) The court ordered Plaintiff, within 30 days, to show cause by declaration why he should not be barred from filing further actions *in forma pauperis* ("IFP") against NYU in this court without prior permission.[1] Plaintiff did not file a declaration as directed. Accordingly, the bar order will issue.

## CONCLUSION

    The Court hereby bars Plaintiff from filing future civil actions IFP in this court against NYU without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of the proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this

---

[1] In that order, the Court noted that Plaintiff had previously been warned that if he persisted in engaging in meritless litigation he could be barred, under 28 U.S.C. § 1651, from filing new civil actions IFP without prior permission. *See Endeley v. NYU*, No. 17-CV-5796 (CM) (S.D.N.Y. Aug. 21, 2017), ECF 4.

order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that further litigation lacking merit may result in the imposition of an order barring him from filing complaints IFP against *any defendant* without prior leave of court. *See id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to enter judgment dismissing this case.

SO ORDERED.

Dated:   October 27, 2025
          New York, New York

                                  /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                  Chief United States District Judge